UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ALVIN CHRISTMAS,                )
                                )
            Petitioner,          )
                                )
      v.                         )      CAUSE NO. 3:17-CV-704-RLM-MGG
                                )
WARDEN,                         )
                                )
            Respondent.          )

OPINION AND ORDER

Alvin Christmas, a prisoner without a lawyer, filed a habeas corpus petition challenging a disciplinary hearing (ISP 17-07-307) in which a hearing officer found him guilty of making or possessing intoxicants in violation of Indiana Department of Correction policy B-231 on July 21, 2017. As a result, he was sanctioned with the loss of 30 days earned credit time. The Warden has filed the administrative record and Mr. Christmas filed a traverse, making the case ripe for ruling.

The Fourteenth Amendment guarantees prisoners certain procedural due process rights in prison disciplinary hearings: (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision-maker; (3) an opportunity to call witnesses and present documentary evidence in defense, when consistent with institutional safety and correctional goals; and (4) a written statement by the fact-finder of evidence relied on and the reasons for the disciplinary action. Wolff v. McDonnell, 418 U.S. 539 (1974). To satisfy the due

process requirement, there must also be "some evidence" in the record to support the guilty finding. Superintendent, Mass Corr Inst. v. Hill, 472 U.S. 445, 455 (1985). In his petition, Mr. Christmas argues there are two grounds which entitle him to habeas corpus relief.

In the first ground, Mr. Christmas contends there was insufficient evidence for the hearing officer to find him guilty. In the context of a prison disciplinary hearing, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Supt. v. Hill, 472 U.S. at 455-456. "In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." McPherson v. McBride, 188 F.3d 784, 786 (7th Cir. 1999) (quotation marks omitted).

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

Webb v. Anderson, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted).

Mr. Christmas was found guilty of making or possessing intoxicants in violation of IDOC policy B-231, which prohibits inmates from "[m]aking or possessing intoxicants, or being under the influence of any intoxicating substance (e.g., alcohol, inhalants). Indiana Department of Correction, Adult Disciplinary Process: Appendix I. http://www.in.gov/idoc/files/02-04-101_APPENDIX_I-OFFENSES_6-1-2015(1).pdf.

The conduct report charged Mr. Christmas as follows:

> On 7-17-17 at approx 8:45 am I officer French found intoxicants in the cabinet in offender Christmas 128467 and it tested positive for alcohol.

ECF 5-1 at 1.

Officer Brown provided this statement about the incident:

> On 7-17-17 at approx. 8:45 am I Officer Brown saw Officer French find intoxicants that tested positive for alcohol in the cabinet in offender 128462 B224.

ECF 5-2 at 1.

The hearing officer provided the following written summary of the video footage of the incident:

> At approx. 8:43AM Officer K. French is at cell B224. He enters the cell and is seen shaking it down. Offender Christmas is on the range, cuffed behind the back standing in front of his cell.
>
> At approx. 8:58AM items are being placed outside of the cell of offender Christmas.
>
> Officer D. Brown is seen at approx. 9:02AM.

3

> At approx. 9:05AM Officer K. French is seen with items taken from the cell, which include a crate, a bucket and some other unknown items. There looks to be items in the crate, but I am not sure exactly what they are.

ECF 5-7 at 1.

In assessing the evidence, the hearing officer decided there was enough evidence in the record to find Mr. Christmas guilty of making or possessing intoxicants in violation of offense B-231. A conduct report alone can be enough to support a finding of guilt. McPherson v. McBride, 188 F.3d at 786. That's the case here. In the conduct report, Officer French detailed his discovery of bottles containing intoxicants in Mr. Christmas's cell during a shakedown of his cell. Officer Brown, who assisted Officer French in the shakedown of Mr. Christmas's cell, provided a statement that he saw Officer French find bottles of intoxicants in the cabinet of Mr. Christmas's cell. Officer Brown conducted an Alco-Blow test on the bottles of intoxicants and found that at least one of the bottles tested positive for alcohol. Photographic evidence showed the bottles of intoxicants Officer French confiscated from Mr. Christmas's cell. In light of the conduct report detailing Officer French's discovery of the bottles of intoxicants in Mr. Christmas's cell coupled with the Alco-Blow test results that were positive for alcohol, there was more than "some evidence" for the hearing officer to find Mr. Christmas guilty of violating offense B-231.

Nevertheless, Mr. Christmas asserts there was insufficient evidence to find him guilty for a number of reasons. He first claims the results of the Alco-Blow

4

test weren't reliable because another offender's name appeared on the report: the report lists the name "Chritmas" instead of "Christmas." But here it appears that Officer Brown simply misspelled Mr. Christmas's name. Second, at his hearing, Mr. Christmas made a statement that the Alco-Blow test results had someone else's identification number—128467—listed on it. The court's review of the record, however, shows that Mr. Christmas's identification number is 128467 and the number on the Alco-Blow test results has the same number—128467.

Mr. Christmas further complains there was insufficient evidence for the hearing officer to find him guilty because the only items taken from his cell were two pillows, a wash bucket, and a milk crate. He seems to rely on the hearing officer's written summary of the video footage of the incident to claim there were no bottles of any kind confiscated from his cell. While the written summary of the video footage confirms that a crate and bucket were removed from Mr. Christmas's cell, it might not have been possible for the hearing officer to see what was in the crate or bucket when she viewed the footage because she stated "There looks to be items in the crate, but I am not sure exactly what they are." Mr. Christmas is asking the court to reweigh the evidence, which isn't the court's role. McPherson v. McBride, 188 F.3d at 786 (the court is not "required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence."). Rather, the court's role is to determine if the hearing officer's decision to revoke good time credits has some factual basis. Because the hearing officer,

who presided over Mr. Christmas's hearing, considered all of the relevant evidence in this case, including (1) the conduct report, (2) Mr. Christmas's statement, (3) Officer Brown's statement, (4) the Alco-Blow test results, (5) the video footage of the incident, and (6) photographs of the bottles containing intoxicants, there was no violation of Christmas's due process rights. Supt. v. Hill, 472 U.S. at 456-457 ("the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board."). The hearing officer's finding that Mr. Christmas was guilty was neither arbitrary nor unreasonable in light of the facts presented in this case. This ground doesn't state a basis for habeas corpus relief.

In the second ground of his petition, Mr. Christmas argues his Eighth Amendment rights were violated because three to four days after his disciplinary hearing he received a "bad work evaluation" and loss of contact visitation for a period of six months in an unrelated matter. Unlike his other grounds, this ground doesn't question whether Mr. Christmas was afforded due process as it relates to his disciplinary hearing. Because his Eighth Amendment claim does not affect the fact or length of his custody, it can't be remedied in a habeas corpus petition pursuant to Section 2254. Montgomery v. Anderson, 262 F.3d 641, 643 (7th Cir. 2001). If Mr. Christmas wishes to challenge his conditions of confinement, he must assert those claims under 42 U.S.C. § 1983, rather than in a habeas corpus proceeding under 28 U.S.C. § 2254. To the extent Mr. Christmas

claims his loss of contact visitation also constitutes "a form of double jeopardy," that contention fails because double jeopardy principles do not apply in the prison disciplinary context. Meeks v. McBride, 81 F.3d 717, 722 (7th Cir. 1996). This ground doesn't identify a basis for habeas corpus relief, either.

If Mr. Christmas wants to appeal this order, he doesn't need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See* Evans v. Circuit Court, 569 F.3d 665, 666 (7th Cir. 2009). But he can't proceed *in forma pauperis* on appeal because pursuant to 28 U.S.C. § 1915(a)(3) an appeal in this case could not be taken in good faith.

For these reasons, Alvin Christmas's petition for writ of habeas corpus (ECF 1) is DENIED and Mr. Christmas's motion for default judgment (ECF 13) is DENIED as moot. The clerk is DIRECTED to close this case.

SO ORDERED on December 10, 2018

/s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT