UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| ALVIN L. CHRISTMAS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:17-CV-704-RLM-MGG |
| | ) | |
| WARDEN, | ) | |
| | ) | |
| Respondent. | ) | |

OPINION AND ORDER

Alvin L. Christmas, a prisoner without a lawyer, filed a habeas corpus petition challenging a disciplinary hearing (ISP 17-07-307) in which a hearing officer found him guilty of making or possessing intoxicants in violation of Indiana Department of Correction policy B-231. After the court denied Mr. Christmas's petition. Mr. Christmas filed a motion for reconsideration (ECF 16), which the court denied. He next filed a notice of appeal with the United States Court of Appeals for the Seventh Circuit. A month later, Mr. Christmas filed a document titled "Jurisdictional Memorandum," which the United States Court of Appeals for the Seventh Circuit construed to be a request to extend the time to appeal under Federal Rule of Appellate Procedure 4(a)(5). The court of appeals remanded this case to the district court for the limited purpose of deciding whether to extend the time for Mr. Christmas to appeal. (*Id.*)

Rule 4(a) of the Federal Rules of Appellate Procedure requires that a notice of appeal in a civil case be filed in the district court within thirty days of entry of

the judgment or order appealed. Fed. R. App. P. 4(a)(1)(A). The judgment in this case was entered on December 10, 2018, (ECF 15), and the order denying Mr. Christmas's motion for reconsideration was entered on June 12, 2019, (ECF 17), starting the time for Mr. Christmas to appeal. Mr. Christmas did not tender his notice of appeal to prison officials until July 17, 2019, which was five days late. (ECF 18.) His notice of appeal was filed with the court on July 22, 2019. (*Id.*)

In his Jurisdictional Memorandum, Mr. Christmas provides a number of reasons for why he was unable to timely file a notice of appeal. (ECF 25 at 1-3.) He first states that he received a pass to use the law library on June 25, but the computers in the library didn't work from June 26 through July 2. (ECF 25 at 1-2.) He also explained that the computers in the law library often don't work and the computers were down on July 16. (*Id.*) Mr. Christmas has submitted email from prison officials documenting that the law library computers weren't operational during these time periods. (ECF 25-1 at 1, 5.) He also explains he had limited access to the law library due to the facility being on lockdown. (ECF 25 at 1-2, 25-1 at 2, 3.)

Under Federal Rule of Appellate Procedure 4(a)(5)(A), a district court has discretion to extend the time for filing an appeal if the request is made before or within thirty days after the expiration of the time for appealing, and if the movant can make a showing of good cause or excusable neglect. Mr. Christmas's request is timely under Fed. R. App. P. 4(a)(5)(A) since it was tendered to prison officials

for mailing within thirty days of the expiration of the deadline for filing a notice of appeal. ECF 25 at 2-3. The court of appeals directed that, because the deadline for filing an appeal had already run when Mr. Christmas filed his request, he must meet the more rigorous "excusable neglect" standard rather than simply establishing "good cause." Prizevoits v. Indiana Bell Tel. Co., 76 F.3d 132, 133 (7th Cir. 1996). Determining whether neglect was excusable is an equitable determination, "taking into consideration all relevant circumstances including the danger of prejudice to the non-moving party, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Marquez v. Mineta, 424 F.3d 539, 541 (7th Cir. 2005).

Mr. Christmas seeks only a five-day extension of the deadline based on circumstances that were outside of his control. He wasn't able to timely complete his appeal because the computers in the law library weren't, he was on lock down, and he couldn't access research services he needed for his appeal. There is little danger of prejudice, nor is there a significant disruption of judicial proceedings, given the minimal length of the delay. The court is also cognizant that Mr. Christmas is a prisoner without a lawyer, and nothing suggests he has acted in bad faith. *See* United States v. Kaden, 819 F.2d 813, 816-817 (7th Cir. 1987) (district court properly granted pro se prisoner leave to file belated notice of appeal

when he failed to file timely notice of appeal due to circumstances outside of his control). The court concludes that Mr. Christmas has established excusable neglect sufficient to warrant a short extension of the deadline.

For these reasons, Mr. Christmas's request to extend the time to file his appeal (ECF 25) is GRANTED. Pursuant to Fed. R. App. P. 4(a)(5)(C), the deadline for filing a notice of appeal is EXTENDED to July 22, 2019.

SO ORDERED on October 9, 2019.

    /s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT